## Yarbrough v. Reid

*Allen L. Feingold*, for plaintiffs.
*William V. Coleman*, for defendants.

GUARINO, *J.*, February 2, 1978 — This case comes before the court on plaintiff's preliminary objections to defendant's new matter joining plaintiff, George Yarbrough, as an additional defendant.

This action in trespass was started by complaint on March 30, 1977, against three defendants, Willie Reid, James Fontaine and Phillip Fontaine and Sons. Service was had on James Fontaine on April 7, 1977. No service of this complaint was made on defendants Reid and Phillip Fontaine and Sons. On July 19, 1977, plaintiff by allowance of the court filed an amended complaint. This amended complaint was served by the sheriff on defendant Phillip Fontaine and Sons on July 26, 1977. It was not until October 13, 1977, that Phillip Fontaine and Sons filed a pleading joining George Yarbrough, one of the plaintiffs, as an additional defendant. Mr. Yarbrough countered with the present preliminary objection in the nature of a motion to strike the pleading.

Pennsylvania Rule of Civil Procedure 1017(b)(2) provides for striking a pleading where it does not conform to law or rule of court. We must determine

whether defendant's pleading conforms to standards of proper pleading.

The right to join an additional defendant is governed by Pa.R.C.P. 2252(a). Subsection (b) of that rule provides: "If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or complaint . . ." Pa.R.C.P. 2253 provides the time limit within which the praecipe or complaint is to be filed:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant . . . later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." Id.

A 1969 amendment simplifies the joinder where the person to be joined is already a party to the suit. Section (d) of Rule 2252 provides: "If the person sought to be joined is a party, the joining party shall, without . . . filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is . . . liable . . . The case shall proceed thereafter as if such party had been joined by writ or a complaint."

Reading the rules consistently, the plain, unequivocal and expressed intendment is that the 60-day limitation applies only to the joinder of a new party. It is only where "the person to be joined is not a party" that he may be joined by writ or complaint: Pa.R.C.P. 2252. "Neither . . . a writ . . . nor a complaint . . . shall be filed . . . later than sixty (60) days after the service." Pa.R.C.P. 2253. When "the person sought to be joined is a party, the joining party shall, without . . . filing . . . a . . . writ or a com-

plaint . . ." join him by answer and new matter: Pa.R.C.P. 2252(d). The 60-day limitation does not apply to a situation where the party joined as additional defendant is already a party: Wormick v. Taylor, 46 D. & C. 2d 793 (1969); Pellegrino v. Dorm, 60 D. & C. 2d 333 (1972); Purificato v. Guida, 70 D. & C. 2d 107 (1975).

Where the person to be joined is already a party and his joinder can be effected by filing of an answer with new matter, the limitation as to when he may be joined is the same as the limitation placed on the time an answer may be filed. Pa.R.C.P. 1026 specifically provides that "[e]very pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading . . ." In the absence of an agreement of the parties only the court could extend the time in which pleadings subsequent to a complaint may be filed: Pa.R.C.P. 1033.[1] Since the complaint was served on defendant on July 26, 1977, in the absence of an agreement between the parties, an answer was due 20 days from service or on or before August 16, 1977. An answer with new matter joining one of plaintiffs as an additional defendant on October 13, 1977, was not timely.

Defendant's contention that because the complaint served upon him was not endorsed with notice to plead and that the time limitation for filing

1. "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

an answer is thereby extended has no merit. It is true that Pa.R.C.P. 1026 also provides that "no responsive pleading need be filed unless the preceding pleading contains notice to defend or is endorsed with a notice to plead." This means only that the failure to give notice to defend eliminates the necessity for filing a responsive pleading; it does not mean that the time for filing a responsive pleading is extended indefinitely. In this trespass case, the consequence of failure to endorse the complaint with notice to plead is that the averments which would have been denied only by a responsive pleading, such as "identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality" are deemed denied: Pa.R.C.P. 1045(a).[2]

Technically, therefore, the answer and new matter joining Mr. Yarbrough as an additional defendant is properly challengeable by the preliminary objection in the nature of a motion to strike. But, to strike this untimely answer and new matter would only complicate the controversy between the parties. It is the ultimate and expressed aim of the rules of civil procedure to facilitate the assertion of the substantive rights between litigants and not to complicate the issue by recondite and esoteric applications, and "to secure the just, speedy and inexpensive determination of every action . . . [t]he court . . . may disregard any error or defect of pro-

---

2. "A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

cedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

The substantive rights of the parties will in no way be affected by allowing the late joinder. Were the original defendant denied the joinder, he could bring a separate action for contribution against plaintiff Yarbrough which would mean additional expense and inconvenience to both parties, contrary to the expressed dictim and purpose of the rules of procedure. Moreover, the two cases could very well be consolidated into one action.

Accordingly, we enter the following

## ORDER

And now, February 2, 1978, the preliminary objection in nature of motion to strike is denied.